UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
--------------------------------------------------------

In re

    JERIANGELA DININO,                      BK 03-11033 CLB
    now know as JERIANGELA GREGOIRE

                              Debtor.                <u>DECISION & ORDER</u>

--------------------------------------------------------

              Paul J. Smaldone, Esq.
              20 Depew Avenue
              Buffalo, New York 14214
              Attorney for the Debtor

              Julie Philippi, Esq.
              170 Franklin Street
              Suite 600
              Buffalo, New York 14202
              Standing Chapter 13 Trustee

Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.

      In this reopened case under Chapter 13, the debtor seeks an order directing the abandonment of a parcel of real estate.  The central issue is whether the Court should compel the administration of a previously undisclosed asset identified almost two decades after the commencement of this bankruptcy case.

      Jeriangela Dinino filed a petition for relief under Chapter 13 of the Bankruptcy

Code on February 18, 2003. In schedules submitted with her petition, the debtor represented that she and her sister, Mary Jo Dinino, were joint owners of Jeriangela's residence at 8080 Stahley Road in the Town of Clarence, New York. However, the schedules did not disclose that they were also the joint owners of an adjacent empty parcel at 8076 Stahley Road. Consequently, in his report recommending plan confirmation, the Chapter 13 trustee gave no consideration to the value of the contiguous lot. On April 24, 2003, after hearing the testimony of the debtor regarding the accuracy of her schedules, this Court signed an order approving a plan that would pay 30 % of unsecured claims. Upon completion of payments under the plan, an order of discharge was entered on December 14, 2007. The case was then closed on February 26, 2008.

Subsequent to the bankruptcy filing, the debtor married and is now known as Jeriangela Gregoire. Her sister, co-owner of the two parcels on Stahley Road, died in 2005. In 2008, her executor transferred the sister's half interest to Jeriangela and her husband. Mr. and Mrs. Gregoire now desire to sell the lot at 8076 Stahley Road. In order to clear title, Jeriangela Gregoire moved to reopen her case and for an order directing the abandonment of any interest of the bankruptcy estate in that parcel. This motion was duly noticed to all creditors and to the standing Chapter 13 trustee.

In an affidavit in support of her motion to reopen, the debtor represents that she prepared her bankruptcy petition in good faith, but with a mistaken belief that her schedules had included the empty lot as part of the residence at 8080 Stahley Road. Mrs. Gregoire explains that because her sister handled the payment of taxes, she did

not appreciate that 8076 Stahley Road was actually a separate parcel with a distinct valuation. She estimates that in 2003, her half interest in the empty lot would have had a net value of approximately $9,790 after costs of sale.

No creditor has responded to the debtor's motion. Taking note of this lack of opposition and the passage of more than fourteen years since entry of a discharge order, the debtor contends that administration of the property would provide no real benefit to any party in interest. Mrs. Gregoire argues that because her failure to disclose the empty lot was inadvertent, the Court should allow a reopening of the case and an abandonment of the asset. The standing Chapter 13 trustee takes no position on abandonment, but asserts that any further administration would be impractical and of little benefit to creditors. Reminding the Court that she was not serving as trustee when the case was previously open, the trustee advises that she possesses no records regarding the matter. Even if such records were accessible, the trustee believes that many of the creditors might no longer operate at their prior addresses or might themselves lack computer records to enable the processing of a distribution.

At an initial hearing on March 1, 2022, the Court reopened the case and urged the trustee and debtor to explore a resolution that would involve a supplemental distribution to creditors. We noted that although the case originated before the use of electronic filing, the parties could likely retrieve the paper file containing relevant information. The matter was then adjourned to April 5, at which time the trustee reiterated that she did not wish to administer the newly discovered asset. Accordingly, the debtor again sought an unconditional abandonment of the property.

Discussion

Section 350(b) of the Bankruptcy Code states that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." In my view, such cause exists whenever a debtor in good faith wishes to present a motion that this Court has jurisdiction to consider. Mrs. Gregoire has identified a previously undisclosed asset. She offers a credible excuse for her prior oversight and we have no evidence of any lack of good faith in the filing of her bankruptcy petition. Whether or not a trustee ultimately administers the property, the bankruptcy filing has clouded its title. The status of title depends on abandonment, an issue which this Court has jurisdiction to decide. For these reasons, we have exercised the discretion allowed under 11 U.S.C. § 350(b) to reopen this case.

The filing of a bankruptcy petition "creates an estate." 11 U.S.C. § 541(a). This estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Consequently, although the debtor neglected to disclose the joint ownership of 8076 Stahley Road, her half interest in that unreported property became part of the bankruptcy estate. Wishing now to sell that property, the debtor moves to compel its abandonment.

Section 554 of the Bankruptcy Code speaks to the process for abandonment of an estate's interest in property. When a debtor complies with the requirement of 11 U.S.C. § 521(a)(1) to file schedules that disclose all of her assets, the closing of a case will result in the abandonment of property not otherwise administered. 11 U.S.C.

Case 1-03-11033-CLB, Doc 62, Filed 05/04/22, Entered 05/17/22 12:29:32, Description: Main Document , Page 4 of 7

§ 554(c).  On the other hand, pursuant to 11 U.S.C. § 554(d), unscheduled assets are not abandoned upon closing but remain property of the estate.  Consequently, the bankruptcy estate presently retains a half interest in the property at 8076 Stahley Road.  Not being the owner of that half interest, Jeriangela Gregoire has no ability to effect its transfer without a further order of abandonment from this Court.  Thus, she now moves for an abandonment under 11 U.S.C. § 554(b), which reads as follows: "On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."

In order for the Court to compel a trustee to abandon property under 11 U.S.C. § 554(b), a debtor must satisfy one of two conditions.  The first is that the property is burdensome.  For example, abandonment might be warranted when an asset requires excessive expenditures for upkeep or maintenance.  In the case of 8076 Stahley Road, however, Mrs. Gregoire has already identified a potential purchaser who is prepared to close the transaction upon obtaining the authorization of this Court.  Proceeds will more than offset the costs of sale.  Indeed, the debtor acknowledges a net recovery for the estate of at least $9,790.  Notwithstanding this likelihood of a return for the benefit of creditors, the Chapter 13 trustee argues that the distribution of proceeds would be administratively burdensome.  The Court recognizes that this case was filed more than nineteen years ago and that the trustee no longer possesses any records. Nonetheless, the Clerk of the Bankruptcy Court has located the paper file that includes all of the information needed to effect a supplemental distribution.  In

particular, the records identify the names and addresses of holders of allowed claims, the amounts of those claims, and the percentage that was already distributed on their account. We find, therefore, that the property and its administration are not unduly burdensome in ways that might justify abandonment.

Under 11 U.S.C. § 554(b), an alternative basis for abandonment occurs when property "is of inconsequential value and benefit to the estate." At the hearing on confirmation in April of 2003, the trustee presented a report estimating that the plan would distribute $ 11,550 to unsecured creditors. The Court at this time makes no finding of the value of the estate's interest in 8076 Stahley Road. However, the debtor's calculation of that value suggests that administration of the property would allow the distribution to unsecured creditors to increase from 30 % to more than 50%. We acknowledge the trustee's assertion that some of the creditors may no longer exist or may no longer possess records of their claims. Nonetheless, for those creditors that accept payment, a supplemental distribution would have meaningful value and benefit. Accordingly, we are unable to presume an inconsequential outcome that might warrant an abandonment of the previously undisclosed asset.

For the reasons stated above, we find no basis for an unconditional abandonment of 8076 Stahley Road under the standard of 11 U.S.C. § 554(b). Moreover, an abandonment would here reward the debtor's failure to satisfy her duty under 11 U.S.C. § 521(a)(1)(B)(i) to disclose the existence of a valuable asset. Still, a denial of the debtor's motion does not preclude the exercise of other options to enable a transfer of title. If the current Chapter 13 trustee so wishes, she may agree

to administer the estate's half interest in the property.  Alternatively, 11 U.S.C. § 1307(a) allows the debtor to convert this case to Chapter 7 "at any time."  In defining the duties of a Chapter 13 trustee, 11 U.S.C. § 1302(b)(1) excludes the obligations of a Chapter 7 trustee under 11 U.S.C. § 704(a)(1).  Under this latter section, the Chapter 7 trustee is obligated to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest."  While the Chapter 13 trustee may here elect not to administer a previously undisclosed asset, conversion would allow the appointment of a Chapter 7 trustee whose obligations would include the recovery of asset value for the benefit of creditors.  At least then, the trustee and Mr. and Mrs. Gregoire could jointly sell their respective interests in 8076 Stahley Road.

Although the present motion for abandonment is denied, this case will remain open to allow the debtor to seek such other or further relief as may be appropriate.

So ordered.

Dated: May 4, 2022                    /s/ Carl L. Bucki_____
       Buffalo, New York              Hon. Carl L. Bucki, Chief  U.S.B.J., W.D.N.Y.